[No. 558.   Decided July 14, 1892.]

JAMES E. ROE, *Respondent*, v. HORACE L. CUTTER AND THE FIRST NATIONAL BANK OF SPOKANE FALLS, *Appellants*.

#### PLEADING AND PROOF—VARIANCE.

In an action to recover for the conversion of a city warrant for street improvements, in which the complaint described same as Stevens street warrant A. 896, and the proof showed that its number should be A. 893, the variance is immaterial where the amounts, date of issue, rate of interest and payee of the two warrants are the same.

*Appeal from Superior Court, Spokane County.*

*Wakefield & Wikoff*, and *Kinnaird & Happy*, for appellants.

*Turner, Graves & McKinstry*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff sought to recover for the conversion of four warrants of the City of Spokane, described in his complaint as warrant B 44, issued January 3, 1889, for the sum of $500, payable out of the sewer fund of said city; warrant 465, issued September 20, 1888, for the sum of $300.40, payable out of the Pacific avenue fund of said city, and warrant A 896, issued December 6, 1888, and warrant A 809, issued November 3, 1888, each for the sum of $500, and payable out of the Washington street fund of said city. All of said warrants were payable to the order of Roe & Henderson, and bore interest from date at the rate of eight per cent. per annum.

Defendants answered, denying every allegation contained in the complaint, except the incorporation of the defendant bank, and that the defendant Cutter was cashier of said bank; and for a further answer alleged that warrant 465 was held by the defendant, the first National Bank of Spo-

kane Falls, upon the written order of the plaintiff, as security for the payment of a certain note given by the plaintiff to one L. Merriam for $553, and that on May 9, 1889, said warrant was sold to Keene & Co. of Chicago, for the plaintiff at his request, and that the proceeds of said sale were paid to the plaintiff by applying the same upon said note. The answer further alleged that plaintiff subsequently requested said bank to hold said warrants B 44 and A 809 as security for the payment of the sum yet remaining due upon said note, and that when said warrant A 809 was so deposited with the bank there was a payment endorsed thereon of $417.44, and that said warrants were not worth to exceed ninety per cent. of their face value; that upon the order of the plaintiff the defendants sold the said warrants, and applied the proceeds to the payment of said note.

Roe and Henderson were formerly partners, and upon the dissolution of said firm said warrants were assigned to Roe, the plaintiff. The issues were as to whether the appellants received and converted the Stevens street warrant No. 896, and as to whether there was a credit of $417.44 on the Washington street warrant when it was so left with the bank; and as to whether the bank held the three warrants other than the Steven street warrant 896, and accounted for the same as alleged in the affirmative answer. The defendants proved that the bank never had Stevens street warrant 896, but that it did have from the plaintiff two Stevens street warrants, 893 and 894, each for five hundred dollars. It seems that the defendant held other warrants for the plaintiff, and in accounting for the ones in controversy the disposal of all of them was shown, and in connection therewith the receipt of said warrants 893 and 894 was made to appear. It was contended by the defendants that Stevens street warrant 896 was held by a bank in Iowa, and that it had never been paid.

After the testimony was introduced showing the bank

had received the two Stevens street warrants 893 and 894 for the plaintiff, the plaintiff asked leave to amend his complaint so as to change the number of the Stevens street warrant for which he sought to recover, to which the defendant objected. The court denied the motion, holding that the variance between the number of the Stevens street warrant described in the complaint, and the number designating the other Stevens street warrant which the plaintiff claimed was the one he intended to describe was immaterial. Plaintiff admitted the defendant had accounted for the Stevens street warrant 894, but claimed that the Stevens street warrant described in his complaint as number 896 should have been described as number 893. The court instructed the jury that the misdescription of said warrant in the complaint was immaterial. The jury brought in a verdict for the plaintiff for $1,203. The court held, on a motion for a new trial, that the defendants were entitled to a further credit of $417.45, the payment alleged to have been made upon the Washington street warrant, and required said sum to be remitted from the verdict.

The appellants contend that the instruction aforesaid was erroneous and that the complaint described said warrant as warrant A 896, issued November 6, 1885, for the sum of five hundred dollars with interest from date at the rate of eight per cent. payable to Roe & Henderson out of the Stevens street fund of the city of Spokane Falls, and that the only correspondence between the warrant thus described and the Stevens street warrants on the same fund which the evidence showed the appellants did have was that they were all three Stevens street warrants, and each for five hundred dollars, and that the evidence failed to show to whom they were issued, when payable, what interest they bore, and to whom they were payable. It seems to us, however, there was evidence of correspondence between said warrants 893 and 896 in every material respect, both were issued to

Roe & Henderson, both were for $500, and the plaintiff testified the warrants all bore eight per cent. interest. There seems to have been no controversy as to these matters, and warrant 893 being an earlier number must have been issued prior to warrant 896, and consequently had been drawing interest for at least as long a time. The only material matters were the amounts, dates of issue, and rates of interest.

The appellants contend that this instruction was erroneous, also, because it assumed that there was simply a misdescription of the particular warrant in the complaint, and that it was warrant 893 which the plaintiff intended to bring suit for and to describe in his complaint, whereas they allege the proof shows that the defendants had accounted to the plaintiff for the two Stevens street warrants which their evidence showed they had received from him, and that the plaintiff really sued for Stevens street warrant 896, and that the uncontradicted evidence showed they never had received this warrant 896. We think, however, there was a conflict of proof upon the proposition as to whether the defendants had accounted for the Stevens street warrant 893, and, if this was so, the misdescription of said warrant in the complaint by its number, or alleging it therein as number 896 when it should have been 893, was immaterial, under the circumstances of this case, and if the defendants did have and receive of the plaintiff said Stevens street warrant 893, and had not accounted for the same to plaintiff, but had converted it to their own use, the plaintiff was entitled to recover therefor, and there was no error in the instruction. It being a question of fact controverted in the evidence as to whether such warrant 893 had been so converted, such question must be taken as having been settled by the verdict of the jury in favor of the plaintiff.

It was admitted by the plaintiff that the defendant bank had received and accounted for a number of warrants be-

longing to him deposited as collateral security for certain obligations which the bank held against him, and the controversy was as to which warrants were so held, or as to whether the particular warrants for which he brought suit were so held by the bank.   This was a question of fact to be determined by the evidence, and upon which, the testimony being conflicting, the jury were called upon to decide, and their decision upon the facts should stand, in the absence of any error of law prejudicing the defendants.

And it not appearing that there was such error committed, the judgment is affirmed.

ANDERS, C. J., and STILES, DUNBAR and HOYT, JJ., concur.